UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND T. BARRERAS, JR.,**

       **Plaintiff,**

v.                                                              Case No: 6:23-cv-00211-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

### ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIB"), alleging April 19, 2015, as the disability onset date. (Tr. 546, 1300.) In a decision dated June 13, 2019, the Administrative Law Judge ("ALJ") issued his first decision finding that Plaintiff was not disabled. (Tr. 10–22.) On April 30, 2020, the Appeals Council granted Plaintiff's review and remanded the case to the ALJ. (Tr. 1–5.) The ALJ then held a second hearing and issued a partially unfavorable decision on December 7, 2022, finding that Plaintiff was not disabled prior to July 19, 2019, but became disabled on that date. (Tr. 1299–1311.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the

---

[1] On March 30, 2023, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 8.) Accordingly, the case was referred to the undersigned by an Order of Reference on April 3, 2023. (Doc. 12.)

administrative record, the parties' memoranda (Docs. 16, 17, 18), and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

## I. ISSUE ON APPEAL

Plaintiff's sole issue on appeal is whether the ALJ's Residual Functional Capacity ("RFC") is contrary to law and not supported by substantial evidence because the ALJ crafted limitations based on his own lay interpretations.[2] (Doc. 16 at 9.) He also alleges that the ALJ should have further developed the record by either recontacting the treating providers or ordering a consultative exam. (*Id.* at 12–15.)

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however,

---

[2] Plaintiff's first heading in both his initial and reply briefs states, "The ALJ's RFC is not supported by substantial evidence and is the product of legal error where she fails to properly evaluate the opinion of Dr. Gladding." (Doc. 16 at 8; Doc. 18 at 1.) This appears to be a typographical error, as the record does not include an opinion by Dr. Gladding, and, further, Plaintiff concedes that the ALJ rightfully rejected the only medical opinions of record relating to his physical condition. (Doc. 16 at 9–10; Doc. 18 at 4.)

our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.  ANALYSIS

Plaintiff's argument on appeal is that the ALJ erred in determining that Plaintiff could perform medium work with additional limitations before July 19, 2019. (Doc. 16 at 8–9.) Essentially, Plaintiff argues that the ALJ failed to base the RFC on a medical opinion, but rather "played doctor" in her evaluation of the medical records and interpreted raw medical data on her own. (*Id.* at 9–12.) Plaintiff contends that the ALJ should have further developed the record in order to determine his RFC. (*Id.* at 12–14.) The Commissioner responds that the record was sufficient for the ALJ to reach a decision and that the ALJ's RFC assessment is supported by substantial evidence. (Doc. 17.)

### 1.  Playing Doctor

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). SSR 96-8p provides that the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" which "means 8 hours a day, for 5 days a week, or an equivalent work schedule." 1996 WL 374184, at *1; *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (stating that the RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments").

In determining the claimant's RFC, the ALJ must consider all relevant medical and other evidence. 20 C.F.R. §§ 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012) ("Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.").

Here, the ALJ made the following RFC determination:

> After careful consideration of the entire record, I find that prior to July 19, 2019, the date the claimant became disabled, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except which can be learned in 30 days with a General Education Development scale Reasoning level of 1, 2, or 3 in the DOT. Can occasionally stoop, kneel, crouch, or crawl; can never climb ladders, ropes, and scaffolds; can occasionally climb ramps or stairs. Should avoid exposure to hazards, such as heights or machinery with moving parts. Can frequently reach (including overhead) with the upper extremities. Can frequently handle and finger with the upper extremities. No production rate pace work. Occasional changes in routine workplace setting. Occasional contact with co-workers, supervisors, and the general public.

(Tr. 1304.) In making this determination, the ALJ gave no weight to the consulting physician, who opined that there was insufficient evidence from which to make a decision, and significant weight to the psychological consulting physician, who assessed non-physical limitations. (Tr. 1308.) Additionally, the ALJ gave little weight to the Veteran's Administration's finding that Plaintiff has a service-connected disability evaluated at one-hundred percent as of May 3, 2019, but instead determined that the medical records did not support complete disability prior to July 19, 2019. (Tr. 1308–09.) Notably, Plaintiff does not argue that the ALJ incorrectly rejected these

opinions, and, in fact, concedes that she did so "rightfully." (*See* Doc. 16 at 9; 18 at 2.) Rather, he argues that the ALJ was required to obtain an opinion about his physical limitations as related to the RFC.

Plaintiff correctly states that "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings." (Doc. 16) (citing *Carlisle v. Barnhart*, 392 F. Supp. 2d 1287, 1295 (N.D. Ala. 2005).) But resolving conflicting medical evidence when formulating the RFC does not fall under this umbrella. *See Dale v. Comm'r of Soc. Sec.*, No. 2:20-CV-521-NPM, 2022 WL 909753, at *8 (M.D. Fla. Mar. 29, 2022). It is solely the ALJ's responsibility—and not the doctor's—to assess the claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) ("[T]he task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor."); *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). Thus, an ALJ does not assume the role of a doctor by sorting through conflicting evidence to make an RFC assessment. *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014); *see also Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007) (holding the ALJ did not substitute his judgment for the doctor; he found the opinion inconsistent with the record evidence and then assessed the RFC based on the record).

Further, contrary to Plaintiff's claim, there is no *per se* requirement that an ALJ base his RFC finding on a medical opinion, regardless of the source. *Castle*, 557 F. App'x at 854 (finding the district court erred in finding that the RFC "should have been underpinned by a medical source opinion" and that the ALJ was not qualified to interpret the medical record); *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923–24 (11th Cir. 2007) (per curiam) (concluding that the ALJ did not err in predicating the claimant's RFC on the medical evidence before him even though that finding conflicted with the only medical opinion of record, which the ALJ discredited); *Gray v. Comm'r of Soc. Sec.*, 6:18-cv-1014-Orl-LRH, 2019 WL 3934441, at *9 (M.D. Fla. Aug. 20, 2019) ("The [c]laimant has failed to cite any authority - and the [c]ourt is unaware of any - creating a rigid requirement that the ALJ's RFC determination must be supported by a medical opinion."); *Falberg v. Colvin*, No. 8:14-cv-1101-T-TGW, 2015 WL 12840465, at *5 (M.D. Fla. July 16, 2015) (rejecting the claimant's argument that the ALJ acted on "his own hunch" where the ALJ "made a well-reasoned determination in accordance with his duty to assess the evidence"). Instead, all that is necessary is that the ALJ's RFC finding be buttressed by substantial evidence. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 602 (11th Cir. 2017).

Here, the ALJ did not guess at Plaintiff's physical abilities. Instead, the ALJ considered the entire record and weighed the evidence before making her RFC assessment. (Tr. 1304.) In doing so, the ALJ reached a reasonable conclusion. The ALJ took into consideration Plaintiff's hearing testimony, symptoms, subjective complaints, treatments, objective medical findings, clinical imaging, Plaintiff's

treatment modalities, the consultative examination reports, the Veteran's Administration determination that Plaintiff is one hundred percent disabled as of May 3, 2019, and Plaintiff's unsuccessful work attempt. (Tr. 1305–07.) As noted, the ALJ gave no weight to the opinion of one of the medical consultants and little weight to the Veteran's Administration determination, findings which Plaintiff does not dispute. (Tr. 1306–07.)

Plaintiff's medical records and testimony provide sufficient support for the ALJ's RFC assessment pertaining to his physical limitations. For instance, when explaining the last full time job he worked for approximately seven months in 2016 and 2017, Plaintiff testified that he assisted with lifting people out of their seats and lifted approximately 20 to 25 pounds. (Tr. 1305, 1328–29, 1342.) He reported that he was able to do things like drive and wash dishes. (Tr. 1344–45.)

Plaintiff alleged disability due to his left ankle and knee pain. (Tr. 1305.) While Plaintiff sustained a trimalleolar fracture of his left ankle in in 2014, he underwent a surgical repair. (Tr. 1305, 699–704, 706–07.) Later examination revealed a well healed surgical incision. (Tr. 1305, 1005.) Plaintiff also suffered a right knee sprain doing yard work in July 2016. (Tr. 773–83.) Diagnostic imaging revealed mild tricompartmental arthritis. (Tr. 1305, 776.) He had a series of cortisone injections in his knee joint which resulted in good to excellent pain relief. (Tr. 853, 855–56, 858, 862, 865–66, 871–73, 1017–18.)

Plaintiff also alleged disability due to back pain. (Tr. 1305.) With regard to Plaintiff's back, the results of the bilateral straight leg raising test were negative

bilaterally. (Tr. 1305; *see also* Tr. 673, 677, 776, .) Plaintiff had good range of motion, normal strength, and no muscle deformity or midline or paraspinal tenderness. (Tr. 673, 677, 776, 1249.) Examination found no gross focal motor symptoms or sensory deficits. (Tr. 1249.) Even though Plaintiff had an antalgic gait, he retained normal motor strength. (Tr. 1305, 1189.)

The ALJ could reasonably assess the foregoing evidence to construct the RFC without the aid of additional medical opinions; thus, she did not err in making her assessment. *See, e.g.*, *Burgess v. Astrue*, No. 2:11-CV-3858-VEH, 2013 WL 754731, at *4-5 (N.D. Ala. Feb. 26, 2013). As previously explained, ultimately, it is the province of the ALJ to determine Plaintiff's ability to do work. To the extent that Plaintiff points to other evidence that he contends should undermine the ALJ's RFC, such contentions misinterpret the narrowly circumscribed nature of the Court's review, which precludes "re-weigh[ing] the evidence or substitut[ing] [the Court's] judgment for that [of the Commissioner] ... even if the evidence preponderates against" the decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). As such, the Court finds that substantial evidence supports the ALJ's RFC.

**2. Failure to Develop the Record**

Plaintiff also claims that the ALJ failed to develop the record regarding his physical limitations. He claims that the ALJ should have re-contacted his treating medical providers or ordered a consultative examination.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §

416.912). "Nevertheless, the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Id.* An ALJ is required to step in only when the record lacks "sufficient evidence ... to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). "The duty is triggered, for example, when there is an ambiguity in the record or when the record is inadequate to allow for proper evaluation of the evidence." *Mishoe v. Astrue*, No. 5:08-CV-371-OC-GRJ, 2009 WL 2499073, at *7 (M.D. Fla. Aug. 14, 2009).

"In evaluating the necessity for a remand" to more fully develop the record, "we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Jones v. Comm'r of Soc. Sec.*, 695 Fed. App'x. 495, 497 (11th Cir. 2017) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quotation marks omitted)). To establish an evidentiary gap in the record, a claimant must "identify what facts could have been submitted that would have changed the outcome." *Correa v. Colvin*, No. 8:15-CV-461-T-TGW, 2016 WL 7334642, at *4 (M.D. Fla. Mar. 18, 2016).

First, where the claimant is represented by counsel at the hearing, as the Plaintiff was here (*see* Tr. 1319–63), the ALJ maintains the duty to develop the record, but it was not the heightened duty required of an ALJ when the claimant is unrepresented. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see also Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872 (11th Cir. 2016) ("Pennington ultimately bore the burden of producing evidence to support his claim of disability; because he was represented by counsel in the administrative proceeding, the ALJ was not subject to

the heightened duty to develop the record that applies in proceedings involving unrepresented claimants.") (citations omitted).

Second, to reiterate, contrary to Plaintiff's contention, the ALJ does not have to base her RFC finding on a doctor's opinion. *See Castle*, 557 F. App'x at 853–54. Here, the ALJ had adequate medical and non-medical evidence to assess Plaintiff's disability claim to reach her decision. The ALJ based her findings on the medical evidence, including treatment, diagnostic imaging and objective findings, the psychological consultative examiners' opinions, as well as Plaintiff's testimony and activities of daily living. This meets the adequacy threshold.

Plaintiff's argument also fails because he has not "identif[ied] what facts could have been submitted that would have changed the outcome." *Correa*, 2016 WL 7334642, at *4. Without those facts, he cannot prove an evidentiary gap that creates unfairness or clear prejudice. *Id.* Plaintiff, instead, speculates that his treating providers could have provided an opinion as to whether he was truly capable of performing medium work during the relevant period, and claims resulting prejudice. (Doc. 16 at 14.) In essence, Plaintiff argues there *could* be an evidentiary gap that *might* be filled by further development. That is insufficient. Without more, the Court cannot assess whether further development would have changed the outcome.

Thus, the undersigned finds that the ALJ's decision is due to be affirmed.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE